UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,

MDL NO. 1407

ORDER DISMISSING CASE
PURSUANT TO CMO 19

This document relates to:

*Knight v. AdvoCare International, LLC,* C03-3882

This matter comes before the court on a motion to dismiss filed by defendants Novartis Consumer Health, Inc. and Nocartis Pharmaceuticals Corporation pursuant to CMO 19. Having reviewed the briefs submitted by the parties, the court finds and rules as follows:

I. BACKGROUND

This case was originally filed on May 9, 2003 in Texas state court. It was subsequently removed to federal court, and was docketed in this MDL on January 12, 2004. On January 23, 2004, defendants served plaintiff with the blank fact sheet, due March 8. Plaintiff returned the fact sheet March 16, 2004, identifying Triaminic and Contac as the drugs plaintiff ingested prior to his injury. The PFS was not, however, substantially complete, lacking certain medical records, authorizations, and health care provider

ORDER
Page - 1 -

identifications, among other material information. Defendants twice notified plaintiff that the PFS was incomplete, and plaintiff finally responded with an amended fact sheet on June 20, 2004. This fact sheet, too, was incomplete, lacking verification and several authorizations and medical records.

During plaintiff's deposition in August 2005, plaintiff served defendants with a third PFS, which materially amended the original and amended PFSs. Most notably, while the first and second PFSs identified Triaminic and Contac as the subject medications, the third PFS, served over two years after the original complaint was filed in this case, identified Tavist-D, and not Triaminic or Contac, as the medication plaintiff had ingested. At his deposition plaintiff also identified several healthcare providers and witnesses who had not been disclosed previously.

Finally, in response to this motion to dismiss, plaintiff served defendants with yet another PFS. While the most recent fact sheet cures some of the deficiencies mentioned above, several remain. Most notably, defendants still have not received updated HIPAA-compliant authorizations, necessary to obtain certain discovery.

II. DISCUSSION

Plaintiff first argues that the court should not rule on the motion to dismiss because he has a bankruptcy case pending in the Eastern District of Texas. As defendants submit, however, plaintiff was discharged from bankruptcy on August 17, 2005, at which

ORDER
Page - 2 -

time this lawsuit was abandoned to the debtor. Moreover, any stay that was once applicable to this case is no longer in effect.

Plaintiff next argues that dismissal is an inappropriate remedy to the situation before the court, arguing that he has not violated a court order. The court finds to the contrary. While plaintiff's response includes a number of arguments, including attempts to explain the highly improbable switch in his identification of the medication he took from Triaminic and Contac to Tavist-D, and the excuse that counsel was in trial during key PFS deadlines, at bottom the PFS was incomplete when it was originally served and remains incomplete today, nearly three years after this matter was originally filed and over eleven years after plaintiff's alleged injury. Failure to serve a timely and complete PFS is a violation of CMO 19.

The applicable standard for dismissal for violation of a court order requires a court to evaluate five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

The court finds that these five factors weigh in favor of dismissal. Plaintiff's continuing delay impedes the resolution of this dispute and the ability of the court to manage its docket, problems compounded by the complex nature of the multi-district

ORDER
Page - 3 -

litigation. The court also finds that plaintiff's inexcusable inaccuracies and delay are prejudicial to defendants, impairing defendants' ability to discover evidence before it is lost and to construct a coherent defense based on reliable facts. Less drastic measures have already been taken, but defendants' parade of warning letters has not prompted plaintiff to cure the PFS deficiencies in a timely fashion. Finally, while public policy favors resolution of a case on its merits, plaintiff's failure to allow discovery to proceed does nothing to ensure such resolution; in fact, quite the contrary.

    For the foregoing reasons, this matter is hereby DISMISSED with prejudice for failure to comply with CMO 19.

    DATED at Seattle, Washington this 10th day of January, 2006.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 4 -